**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANNER RODRIGUEZ, ERICK RODRIGUEZ, JOSE BENAVIDES, DAVID BENAVIDES, and MELVIN CUADRA *on behalf of themselves and others similarly situated,*<br>Plaintiffs,<br><br>v.<br><br>FAMMA GROUP, INC., a California Corporation, DON X. HO, JOE KAMARI, JESUS GONZALEZ, TIBURCIO SANCHEZ, ERICK OVANDO AND DOES 1-10<br>Defendants. | Case #  2:17-cv-5109<br><br>**29 U.S.C. § 216(b)**<br>**COLLECTIVE ACTION**<br>**& F.R.C.P. 23  CLASS ACTION**<br><br><br><br>**COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

Plaintiffs, on behalf of themselves and others similarly situated, by and through their attorney, hereby bring this complaint against Defendants Famma Group, Inc., Don Ho, Joe Kamari, Jesus Gonzalez, Tiburcio Sanchez, and DOES 1-10.   Plaintiffs are informed, believe, and therefore allege as follows:

**INTRODUCTION**

1.     This action is brought by Plaintiffs, on behalf of themselves as well as other similarly situated employees against Defendants of the Fair Labor Standards Act, arising from Defendants' various willful and unlawful employment policies, patterns and/or practices.

2.     Beginning prior to July 2013, and continuing to the present, Defendants have engaged in a policy and practice of requiring their employees to regularly work in excess of 12-14 hours per day, without providing double time compensation as required by applicable federal and state law.

3.      Under the direction of FAMMA GROUP, Inc., ("Defendants"), the Corporate director, owner, and manager, JOE KAMARI, Defendants instituted this practice of depriving Plaintiffs of compensation, including appropriate overtime and double-time wages, for all work as mandated by federal and state law.

4.      Plaintiffs have initiated this action seeking compensation, including overtime compensation, that they were deprived of, plus interest, damages, attorneys' fees and costs.

## JURISDICTION & VENUE

5.      Jurisdiction of this Court is invoked pursuant to FLSA, 29 U.S.C. 216 (b) and 28 U.S.C. 1331 and 1337.  This court also has supplemental jurisdiction under 28 U.S.C. 1367 for the claims brought under the California Fair Labor Standards Act.  The statute of limitations under the FLSA for willful violations is three (3) years.  See 29 U.S.C. 255(a).  The statute of limitations under the California Law is four (4) years. This Court has supplemental jurisdiction for all claims asserted under the laws of the State of California in that the claims are part of the same case and controversy as the FLSA claims, the state and federal claims derive from a common nucleus of operative fact, the state claims will not substantially dominate over the FLSA claims, and exercising supplemental jurisdiction would be in the interests of judicial economy, convenience, fairness and comity.

6.      Venue is proper in the Central District of California pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

## **PLAINTIFFS**

7.      Plaintiff Anner Rodriguez is an individual over the age of eighteen employed by Defendant FAMMA GROUP, INC. as a warehouse worker.

8.       Plaintiff Jose Benavides is an individual over the age of eighteen employed by Defendant FAMMA GROUP, INC. as a warehouse worker.

9.      Plaintiff David Benavides is an individual over the age of eighteen employed by Defendant FAMMA GROUP, INC. as a warehouse worker.

10.     Plaintiff Erick Rodriguez is an individual over the age of eighteen employed by Defendant FAMMA GROUP, INC. as a warehouse worker.

11.     Plaintiff Melvin Cuadra is an individual over the age of eighteen employed by Defendant FAMMA GROUP, INC. as a warehouse worker.

## DEFENDANTS

12.     Defendant FAMMA GROUP, INC, is a California corporation, with a primary address of 4510 LOMA VISTA AVE, VERNON CA 90058, and at all times mentioned in this Complaint was a California corporation qualified to do business and   actually doing business in the State of California, where it operates as a provider of apparel for men and women. This corporation controls the operations for the warehouse that the plaintiffs worked at.

13.     Plaintiffs allege that Defendant JOE KAMARI is the principal owner in Famma Group. His duties included the hiring and termination of workers, determining the rates of pay, work schedule (including work hours and work days), type of work assigned, and therefore controlled the employment of the Plaintiffs

14.     Defendant TIBURCIO SANCHEZ is employed by Famma Group as a supervisor for Famma's warehouse operations.   His duties included the hiring and termination of workers,

determining the rates of pay, work schedule (including work hours and work days), type of work assigned, and therefore controlled the employment of the Plaintiffs

15.    Defendant JESUS GONZALEZ is employed by Famma Group as a supervisor for Famma's warehouse operations.   His duties included the hiring and termination of workers, determining the rates of pay, work schedule (including work hours and work days), type of work assigned, and therefore controlled the employment of the Plaintiffs.

16.    Defendant ERICK OVANDO is employed by Famma Group as a supervisor for Famma's warehouse operations.   His duties included the hiring and termination of workers, determining the rates of pay, work schedule (including work hours and work days), type of work assigned, and therefore controlled the employment of the Plaintiffs.

17.    Defendant DON HO is listed on the California Secretary of State's corporate filing as the CEO, CFO, and Director of Defendant Famma Group, Inc.  As a director and corporate officer, Defendant HO would be intimately aware of the hiring, firing, rates of pay, and work schedule of the plaintiffs, and therefore controlled the employment of the Plaintiffs.

18.    The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants sued herein as DOES 1 to 10, inclusive, are currently unknown to Plaintiff, who therefore sues these Defendants by such fictitious names.  Plaintiff is informed and believes, and based thereon alleges, that DOES 1 to 10 are now, or at all times mentioned in this Complaint were, licensed to do business and/or are actually doing business in the state of California,  and that each of  the Defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein.   Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendants designated hereinafter as DOES when such identities become known.

**OWNER-OPERATOR DEFENDANT**

19.     Upon personal knowledge of Plaintiffs, Owner/ Operator Defendant DON HO acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2 and the regulations thereunder, and is jointly and severally liable with FAMMA GROUP, INC.

20.     Upon personal knowledge of Plaintiffs, Owner/ Operator Defendant JOE KAMARI acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2 and the regulations thereunder, and is jointly and severally liable with FAMMA GROUP, INC.

21.     Upon personal knowledge of Plaintiffs, Owner/ Operator Defendant ERICK OVIDO acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2 and the regulations thereunder, and is jointly and severally liable with FAMMA GROUP, INC.

22.     Upon personal knowledge of Plaintiffs, Owner/ Operator Defendant JESUS SANCHEZ acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2 and the regulations thereunder, and is jointly and severally liable with FAMMA GROUP, INC.

23.     Upon personal knowledge of Plaintiffs, Owner/ Operator Defendant TIBURCIO SANCHEZ acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2 and the regulations thereunder, and is jointly and severally liable with FAMMA GROUP, INC.

24.     Plaintiffs are informed, believe, and therefore allege that each defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy to perform the unlawful acts and practices described herein, and the acts of each

defendant are legally attributable to the other Defendants as each defendant has ratified, approved and authorized the acts of each of the remaining Defendants with full knowledge of said acts.

25.     Defendants engage in interstate commerce, and/or handle, sell, or work on goods or materials that have been moved in or produced for interstate commerce.   Upon information and belief, Defendant's annual gross volume of sales or services is not less than $500,000.

## STATEMENT OF FACTS

26.     Defendants committed the following alleged acts knowingly, intentionally and willfully against the Plaintiffs, the FLSA Collective Plaintiffs, and the Class.

27.     The defendants FAMMA GROUP, and JOE KAMARI hired the plaintiffs to perform work at the defendant's facility in Vernon, CA.  These duties included preparing items to be shipped, receiving items and packaging them for shipment, taking inventory, and other warehouse operation functions.

28.     Defendants Famma Group, and Kamari, also hired co-defendant Gonzalez, Sanchez and Ovando to manage and supervise the Plaintiffs.  Plaintiffs' employment with Defendants, at all times, was governed by Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). Plaintiffs' employment with Defendants, at all times, was also governed by California Wage Order, Industrial Welfare Commission ("IWC") Wage Order No. 4-2001 ("WAGE ORDER 4");  the  Cal. Code of Regulations (CCR) § 11040 and the California Labor Code §§ 201-203, 226, 226.7, 512, 1194 and 1198.

29.     While working for Defendants, Plaintiffs were required to work in excess of 12 hours per day.  Defendants would require the plaintiffs to put their overtime hours, as a gross total of any work over 80 hours every two weeks, on a separate piece of paper.  Defendants were not given any explanation by Defendants as to how they calculated the overtime hours.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

30.     Plaintiffs were required to work seven (7) days per week.  In violation of California and Federal law, the defendants would only give plaintiffs a ten minute lunch break, and occasionally a 5 minute break after ten hours of work per day.  In addition to numerous OSHA and work-safety violations committed by the defendants, any employee that complained about the short breaks, or general working conditions, was threatened by Defendant with physical and verbal violence. Defendant KAMARI would further threaten all of the plaintiffs by stating if they did not do as he said he would contact ICE (Immigration and Customs Enforcement) and get them deported.

31.     While working for Defendants, Plaintiff s did not receive double the employee's regular rate of pay for all hours worked in excess of 12 hours in any workday and for all hours worked in excess of eight on the seventh consecutive day of work in a workweek, in violation of California labor law.  Plaintiffs further allege that they did not receive one and one-half times the employee's regular rate of pay for the first eight hours worked on the seventh consecutive day of work in a workweek, in violation of California labor law.

32.     At all relevant times, Defendants knowingly and willfully failed to provide Plaintiffs and similarly situated employees with Time of Hire Notice in English and in Spanish (Plaintiffs' primary language) reflecting true rates of pay and payday as required by California Labor Law.

33.     Defendants did not post the required California Labor Commission posters regarding minimum wage pay rates, overtime pay, and pay day.

34.     Defendants willfully and intentionally committed widespread violations of the FLSA and California labor law.

35.     Upon information and belief, Defendant JESUS GONZALEZ, JOE KAMARI, AND TIBURCIO SANCHEZ are employers within the meaning of the FLSA.

36.     Upon information and belief, Defendants JESUS GONZALEZ, JOE KAMARI, AND TIBURCIO SANCHEZ had complete control of the alleged activities of Famma Group which give rise to the claims brought herein.

37.     Upon information and belief, Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the Fair Labor Standards Act, applicable California Law and the supporting regulations by failing to maintain proper and complete timesheets or payroll records.

**PLAINTIFF ANNER RODRIGUEZ**

38.     At all relevant times, Plaintiff ANNER RODRIGUEZ began working for Famma Group on March, 2015.  He would typically work 12 to 13 hours per day, and depending on the week 6-8 hours on Saturday and Sunday.

39.     At all relevant times, Plaintiff ANNER RODRIGUEZ was not given a fixed meal break. At all relevant times, Plaintiff ate his meals in ten (10) minutes. At all relevant times, Plaintiff was not given a fixed time for lunch or dinner. He had to eat his meal in ten (10) minutes while on duty.  If he was late at all he would be verbally threatened with physical abuse.  At all relevant times, Plaintiff was not given a break during his work hours.  At all relevant times, Plaintiff was also not properly paid overtime and double-time pay for overtime work.  At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff his lawfully overtime and double-time compensation in a given workweek.  While employed by Defendants, Plaintiff was not exempt under federal and state laws requiring employers to pay employees overtime.

**PLAINTIFF ERICK RODRIGUEZ**

40.    At all relevant times, Plaintiff ERICK RODRIGUEZ began working for Famma Group on July, 2016.  He would typically work 12 to 13 hours per day, and depending on the week 6-8 hours on Saturday and Sunday.

41.    At all relevant times, Plaintiff ERICK RODRIGUEZ was not given a fixed meal break. At all relevant times, Plaintiff ate his meals in ten (10) minutes. At all relevant times, Plaintiff was not given a fixed time for lunch or dinner. He had to eat his meal in ten (10) minutes while on duty.  If he was late at all he would be verbally threatened with physical abuse.  At all relevant times, Plaintiff was not given a break during his work hours.  At all relevant times, Plaintiff was also not properly paid overtime and double-time pay for overtime work.  At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff his lawfully overtime and double-time compensation in a given workweek.  While employed by Defendants, Plaintiff was not exempt under federal and state laws requiring employers to pay employees overtime.

**PLAINTIFF JOSE BENAVIDES**

42.    At all relevant times, Plaintiff JOSE BENAVIDES was an employee for Famma Group. He would typically work 12 to 13 hours per day, and depending on the week 6-8 hours on Saturday and Sunday.

43.    At all relevant times, Plaintiff JOSE BENAVIDES was not given a fixed meal break. At all relevant times, Plaintiff ate his meals in ten (10) minutes. At all relevant times, Plaintiff was not given a fixed time for lunch or dinner. He had to eat his meal in ten (10) minutes while on duty.  If he was late at all he would be verbally threatened with physical abuse.  At all relevant times, Plaintiff was not given a break during his work hours.  At all relevant times, Plaintiff was also not properly paid overtime and double-time pay for overtime work.  At all relevant times, Defendants knowingly and

willfully failed to pay Plaintiff his lawfully overtime and double-time compensation in a given workweek.  While employed by Defendants, Plaintiff was not exempt under federal and state laws requiring employers to pay employees overtime.

**PLAINTIFF DAVID BENAVIDES**

44.     At all relevant times, Plaintiff DAVID BENAVIDES began working for Famma Group on 4/24/1999.  He would typically work 12 to 13 hours per day, and depending on the week 6-8 hours on Saturday and Sunday.

45.     At all relevant times, Plaintiff DAVID BENAVIDES was not given a fixed meal break. At all relevant times, Plaintiff ate his meals in ten (10) minutes. At all relevant times, Plaintiff was not given a fixed time for lunch or dinner. He had to eat his meal in ten (10) minutes while on duty.  If he was late at all he would be verbally threatened with physical abuse.  At all relevant times, Plaintiff was not given a break during his work hours.  At all relevant times, Plaintiff was also not properly paid overtime and double-time pay for overtime work.  At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff his lawfully overtime and double-time compensation in a given workweek.  While employed by Defendants, Plaintiff was not exempt under federal and state laws requiring employers to pay employees overtime.

**PLAINTIFF MELVIN CUADRA**

46.     At all relevant times, Plaintiff MELVIN CUADRA was an employee working for Famma Group.  He would typically work 12 to 13 hours per day, and depending on the week 6-8 hours on Saturday and Sunday.

47.     At all relevant times, Plaintiff MELVIN CUADRA was not given a fixed meal break. At all relevant times, Plaintiff ate his meals in ten (10) minutes. At all relevant times, Plaintiff was not given a fixed time for lunch or dinner. He had to eat his meal in ten (10) minutes while on duty.  If he was late at all he would be verbally threatened with physical abuse.  At all relevant times, Plaintiff was not given a break during his work hours.  At all relevant times, Plaintiff was also not properly paid overtime and double-time pay for overtime work.  At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff his lawfully overtime and double-time compensation in a given workweek.  While employed by Defendants, Plaintiff was not exempt under federal and state laws requiring employers to pay employees overtime.

## COLLECTIVE ACTION ALLEGATIONS

48.     Plaintiffs bring this action individually and as class representative individually and on behalf of all other and former non-exempt employees who have been or were employed by the Defendants for up to the last four (4) years, through entry of judgment in this case (the "Collective Action Period") and whom were not compensated with double-time wages for all hours worked in excess of 12 hours per workday (the "Collective Action Members").

## CLASS ACTION ALLEGATIONS

49.     Plaintiffs bring their California claims pursuant to Federal Rules of Civil Procedure ("F. R. C. P.") Rule 23, on behalf of all non-exempt personnel employed by Defendants on or after the date that is four years before the filing of the Complaint in this case as defined herein (the "Class Period").

All said persons, including Plaintiffs, are referred to herein as the "Class."

The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rate of pay for each Class Member is also determinable from Defendants' records. For purpose of

notice and other purposes related to this action, their names and addresses are readily available from

Defendants. Notice can be provided by means permissible under said F.R.C.P 23.

### *Numerosity*

74. The proposed Class is so numerous that joinder of all members is impracticable, and the disposition

of their claims as a class will benefit the parities and the Court. Although the precise number of such

persons is unknown, and the facts on which the calculation of the number is presently within the sole

control of the Defendants, upon information and belief, there are over ten (10) members in the class.

### *Commonality*

There are questions of law and fact common to the Class which predominate over any questions

affecting only individual class members, including:

a. Whether Defendants employed Plaintiffs and the Class within the meaning of the California law;
b. Whether Plaintiffs and Class members are entitled to and paid overtime and double-time wages under the California Labor Law;
c. Whether Defendants maintained a policy, pattern and/or practice of failing to provide requisite statutory meal periods;
d. Whether Defendants provided a Time of Hire Notice detailing rates of pay and payday at the start of Plaintiffs and the Rule 23 Class's start of employment and/or or timely thereafter;
e. Whether Defendants provided paystubs detailing full and accurate rates of pay for overtime and double-time to Plaintiffs and the Rule 23 class on each payday; and
f. At what common rate, or rates subject to common method of calculation was and is Defendants required to pay the Class members for their work.

### *Typicality*

Plaintiffs' claims are typical of those claims which could be alleged by any member of the

Class, and the relief sought is typical of the relief that would be sought by each member of the Class in

separate actions. All the Class members were subject to the same corporate practices of Defendants, as

alleged herein, of failing to pay minimum wage and/or overtime compensation. They were,

furthermore, subject to illegal deductions. Defendants' corporate wide policies and practices affected

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

all Class members similarly, and Defendants benefited from the same type of unfair and/ or wrongful acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

*Adequacy*

Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiffs are represented by attorneys who are experienced and competent representing Plaintiffs in both class action and wage and hour employment litigation cases.

*Superiority*

A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual Class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expenses that numerous individual actions engender. Because the losses, injuries, and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. Further, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their

interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

Upon information and belief, Defendants and other employers throughout the state violate the California and Federal labor laws. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

**FIRST CAUSE OF ACTION**
**Failure to Pay Overtime Compensation**
**(By Plaintiffs and The California Class Action Members Against All Defendants)**

50.    The foregoing allegations are realleged and incorporated herein.

51.    California Labor Code§§ 510,558, and Wage Order 5 entitle non-exempt employees to overtime premiums for hours worked in excess of eight (8) in a given day, forty (40) in a given workweek, or on the seventh day worked in a single workweek. All hours must be paid at the statutory or agreed rate and no part of this rate may be used as a credit against a minimum wage obligation.

52.    Plaintiffs, and members of the class, worked in excess of eight hours per day and in excess of forty hours per week, and Defendants unlawfully failed to pay each of the Plaintiffs double-time wages at the rate of twice their regular rate of pay, for all hours worked in excess of 12 hours in a work day.  In addition, the defendants failed to accurately pay overtime for the first eight hours worked on the seventh consecutive day of work in a workweek.

53.     Upon information and belief, the failure of Defendants to pay each Plaintiff their rightfully owed overtime and double-time compensation was willful.

54.     By the foregoing reasons, Defendants are liable to each Plaintiff in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs.

**SECOND CAUSE OF ACTION**
**Failure to Provide Accurate Itemized Statements**
**Violation of Cal. Labor Code §  226**
**(By Plaintiffs and The California Class Action Members Against All Defendants)**

55.     The foregoing allegations are realleged and incorporated herein.

56.     This cause of action is brought pursuant to California Labor Code § 226, which requires employers to furnish their employees with accurate itemized wage statements at the time of payment of wages showing: (1) gross wages earned, (2) total hours worked, (3) the number of piecerate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee, California Labor Code § 226

57.     Defendants failed to comply with these requirements as they provided itemized statements to Plaintiff and the California Class Action Members that did not show all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee, due to their failure to properly calculate the regular rate and properly pay overtime and double-time wages as described above.

58.     Plaintiffs and the California Class Action Members, and each of them, were injured by these failures because, among other things, the failure to accurately record the proper hourly rates, the correct gross wages and net wages earned, hindered Plaintiff and the California Class Action Members from determining the amounts of wages actually owed to them.

59.     As a proximate result of Defendants' conduct as alleged herein, Plaintiff and the California Class Action Members, herein seek penalties pursuant to California Labor Code § 226(e) for each violation by Defendants of California Labor Code § 226(a).

60.     Plaintiffs and the California Class Action Members further seek all available remedies including, but not limited to, any and all wages due, actual damages, monies, interest, attorneys' fees, costs and preliminary and permanent injunctive relief pursuant to California Labor Code § 226(h).

**THIRD CAUSE OF ACTION**
**Failure to Provide Meal Periods**
**[Cal. Lab. Code§§ 226.7, 512, and Wage Order 5]**
**(By Plaintiffs and The California Class Action Members Against All Defendants)**

61.     The foregoing allegations are realleged and incorporated herein.

62.     Defendants failed to provide meal periods as required by Labor Code§§ 226.7, 512 and Wage Order 5.

63.     Plaintiffs and Class Members worked in excess of five hours a day without being provided at least half hour meal periods in which they were relieved of their duties, as required by Labor Code§§ 226.7 and 512 and Wage Order 5. See Brinker Restaurant Corp., et al. v. Superior Court (2012) 53 Cal. 4th 1004, 1040-41 ("The employer satisfies this obligation if it relieves its employees of all duty, relinquishes control over their activities and permits them a reasonable opportunity to take an uninterrupted 30-minute period, and does not impede or discourage them from doing so ... [A] first

meal period [is required] no later than the end of an employee's fifth hour of work, and a second meal period [is required] no later than the end of an employee's 10th hour of work.").

64.    Because Famma Group failed to provide proper meal periods, it is liable to Plaintiffs and Class Members for one hour of additional pay at the regular rate of compensation for each work day that the proper meal periods were not provided, pursuant to Labor Code§§ 226.7 and 512 and Wage Order 5, as well as interest thereon, plus reasonable attorneys' fees and costs of suit pursuant to Civil Procedure Code§ 1021.5.

**FOURTH CAUSE OF ACTION**
**Unfair Business  Practices**
**Violation of Cal. Business & Professions Code § 17200, *et  seq.***
**(By Plaintiffs and The California Class Action Members Against All Defendants)**

65.    The foregoing allegations are realleged and incorporated herein.

66.    Defendants' failure to pay earned  wages  in  the  form  of doubletime paid  to Plaintiff  and  the  California  Class  Action  Members  under the California Labor Code and IWC Wage Orders,  as alleged  herein, constitute  unlawful activity prohibited  by Business and Professions Code section   17200.

67.    The  actions  of Defendants  in  failing to pay Plaintiff  and the   California Class  Action Members  in  a  lawful  manner constitute false,  unfair,  fraudulent  and deceptive  business  practices, within  the meaning  of Business and  Professions  Code sections 17200, et seq.

68.     Plaintiffs are entitled  to  an  injunction  and  other  equitable  relief  against such unlawful  practices in  order  to  prevent  further  damage,  for  which  there is no adequate  remedy  at law,  and  to  avoid  a  multiplicity  of  lawsuits. They  bring  this  cause as  a Class  Action and  as members  of the  general  public  as a representative  of all others  similarly   situated   who   were subject  to Defendants  unlawful  acts    and practices.

69.     Plaintiff and the California Class Action Members have lost  money and/or property as a result of Defendants unfair business acts and practices   and Defendants are unjustly  enriched to the extent of their failure to pay earned wages    to Plaintiffs and the California Class Action  Members.

70.     The unlawful  acts and conduct  alleged  herein is continuing  and there  is no indication that Defendants  will  stop such activity  in the future.   Plaintiff    alleges that if Defendants  are not enjoined  from the conduct set forth in this Complaint,    they will   continue  to  withhold  payment of   earned   wages   and   other   compensation   due Plaintiff and the California Class Action Members.

71.     As a direct and proximate  result of the unfair business acts and     practices of Defendants,   Plaintiffs, individually and  on  behalf  of all  employees  similarly situated,  is entitled to equitable and injunctive relief,  including  full restitution, disgorgement,  and/or specific performance  of payment  of all wages that have been unlawfully  withheld from Plaintiff  and the California Class, and issuance of an   order pursuant   to   Business   and   Professions   Code section   17200,   et  seq., enjoining Defendants from engaging in the unlawful acts and practices described   herein.

72.     Plaintiffs further request that the Court issue a preliminary and permanent injunction prohibiting Defendants from continuing the  illegal  practices described hereinabove.

## FIFTH CAUSE OF ACTION
### Failure to Provide Rest Periods
### (Cal. Lab. Code§ 226.7 and Wage Order 5)
### (By Plaintiffs and The California Class Action Members Against All Defendants)

73.     The foregoing allegations are realleged and incorporated herein.

74.     Defendant failed to provide the rest periods that are required by Wage Order 5. See Brinker, 53 Cal. 4th 1004 at 1029 ("Employees are entitled to 10 minutes rest for shifts from three and

one-half to six hours in length, 20 minutes for shifts of more than six hours up to 10 hours, 30 minutes

for shifts of more than 10 hours up to 14 hours, and so on.").

75.     Because Famma Group failed to provide proper rest periods, it is liable to Plaintiffs and

Class Members for one hour of additional pay at the regular rate of compensation for each workday that

the proper rest periods were not provided, pursuant to Labor Code§ 226.7 and Wage Order 5, as well as

interest thereon, plus reasonable attorneys' fees and costs of suit pursuant to Civil Procedure Code §

1021.5.

**SIXTH CAUSE OF ACTION**
**Failure to Pay Wages When Due 23 Violation of Cal. Labor Code §§ 201-203 24**
**(By Plaintiffs and The California Class Action Members Against All Defendants)**

76.     The foregoing allegations are realleged and incorporated herein.

77.     For the four (4) year period preceding the filing of the  Complaint, Defendants

had  a  uniform  practice  and  procedure  of  compensating its  employees by  paying  them  an

hourly  rate  and  paying  a flat overtime on any hours over 40 hours per week, regardless of if those

hours fell into double-time compensation categories.

78.     As  a  result  of  the  unlawful  acts  of  Defendants,  Plaintiff  and  the  California

Class  Action  Members  have  been  deprived  of  overtime  wages    and/or  other  compensation  in

amounts  to be determined  at trial, and are entitled  to  recover such amounts from Defendants,  plus

interest thereon,  attorneys'  fees  and  costs.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, on their own behalf, and on behalf of the FLSA collective Plaintiffs

and Rule 23 plaintiffs, enter a judgment providing the following relief:

a) Authorizing Plaintiffs at the earliest possible time to give notice of this collective action, or
that the Court issue such notice, to all persons who are presently, or have up through the
extent allowable under the statute of limitations and including the date of issuance of court-
supervised notice, been employed by Defendants as non-exempt employees. Such notice

shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied premium overtime wages;

b)  Certification of this case as a collective action pursuant to FLSA;

c)  Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiffs and their counsel to represent the Collective Action Members;

d)  A declaratory judgment that the practices complained of herein are unlawful under FLSA and California Labor Law;

e)  An injunction against Corporate Defendants, its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

f)  An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay overtime compensation, and double-time compensation pursuant to 29 U.S.C. §216;

g)  Up to five thousand dollars ($5,000) per Plaintiffs for Defendants' failure to provide a Time of Hire Notice detailing rates of pay and payday;

h)  Up to five thousand dollars ($5,000) per Plaintiffs for Defendants' failure to provide a paystub that accurately lists the employee's overtime and double-time wages;

i)  An award of liquidated and/ or punitive damages as a result of Defendants' willful failure to pay overtime & double-time compensation  pursuant to California Labor Law;

j)  The cost and disbursements of this action;

k)  An award of prejudgment and post-judgment fees;

l)  Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Dated: July 9th, 2017

_/s/ Eliyahu Kaplunovsky_____
Eliyahu Kaplunovsky (SBN # 299178)
1669-2 Hollenbeck Av #211
Sunnyvale, CA 94087
Phone: (408) 309 4506
*Attorney for Plaintiffs*